UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| WILLIAM A. LEE, SR. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:12-CV-25-TLS-APR |
| CITY OF ELKHART, et al., | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Defendants' Motion to Quash Subpoena of Franklin Breckenridge [DE 21] filed on March 11, 2013, the Motion to Quash [DE 26] filed by non-party Truth Publishing Company on March 19, 2013, and the motions for Rule to Show Cause Order [DE 36 & 38]. For the following reasons, the Defendants' Motion to Quash Subpoena of Franklin Breckenridge [DE 21] is **GRANTED,** the Motion to Quash [DE 26] filed by Truth Publishing Company is **GRANTED**, and the motions for Rule to Show Cause Order [DE 36 & 38] are **DENIED.**

Background

The plaintiff, William Lee, was employed by the Elkhart Police Department. During his employment, he faced allegations that he had sex, while on-duty, with a woman who was the subject of an arrest warrant. The Elkhart Board of Public Safety held two hearings in February 2011 concerning Lee's discipline and proposed discharge. A reporter from non-party Truth Publishing Company, Emily Monacelli, covered the hearing. The Truth published three stores about the hearings.

1

On January 17, 2012, Lee filed a complaint against the Elkhart Police Department, alleging that he was discriminated against based on his race and disability, that the Elkhart Police Department violated his rights under the Family Medical Leave Act, and that the Chief of Police, Dale Pflibsen, and Richard Hubbard, a psychologist contracted by the City of Elkhart to provide professional services to the city's police officers, conspired to deny his FMLA rights and to cause the Board of Public Safety to terminate his employment. During the course of discovery, Lee sent a subpoena to the Truth, asking it to produce statements, notes, tape recordings, records, reports, files, correspondence, CD's, summaries, dates, telephone records, and transcripts of disclosed sources, pertaining to the three articles it published relating to him. Lee separately sent the Truth a notice of deposition. The Truth now moves to quash the subpoena, arguing that there were both procedural and substantive errors.

Lee also sought to take the deposition of Franklin Breckenridge, a member of the City of Elkhart Board of Public Safety. Lee did not serve the notice until six weeks before the discovery period ended. Breckenridge was unavailable on the dates Lee's counsel proposed for the deposition. Lee states that Breckenridge's counsel never offered a new date, although Breckenridge's counsel asserts that she recommended a new date but that Lee's counsel would not return her correspondence. Breckenridge now moves to modify the subpoena so it can be scheduled on a mutually convenient date.

Discussion

Federal Rule of Civil Procedure 37(a)(1) requires that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make disclosure or discovery in an effort to

2

obtain it without court action." Local Rule 37.1 requires that such certification reciting the date, time, and place of the conference or attempted conference and the names of all persons participating "shall be made in a separate document filed contemporaneously with the motion." L.R. 37.1(c).

The motions to quash did not include the requisite certificate of good faith efforts to resolve the dispute without court intervention. However, both parties attached copies of their correspondence and have demonstrated to the court that such conferences occurred. What is not clear is whether all parties consulted in good faith. The defendants never intended to deny Lee the opportunity to conduct Breckenridge's deposition. Although it appears there was some difficulty scheduling a mutually convenient date, the record reflects that Lee waited until the end of discovery before attempting to coordinate the first date. Defense counsel sent numerous e-mails to Lee's counsel that went unanswered. Although Lee's counsel criticizes defense counsel for failing to provide exact dates, Lee's counsel likewise did not propose alternative dates and did not return correspondence. Such a failure to return at least four e-mails that defense counsel sent attempting to coordinate a new date hardly reflects a good faith effort to resolve the dispute. Moreover, defense counsel represents that she proposed at least one date, March 18, 2013, when Breckenridge was available. Because the court finds that Lee's counsel did not act in good faith to coordinate a mutually agreeable time for the deposition, the court **GRANTS** the defendants' request to continue the deposition. The parties are directed to confer in good faith and to find a mutually agreeable time. To allow the parties time to conduct this deposition, the court **EXTENDS** the discovery deadline until May 31, 2013. Lee's motion for order to show cause against Breckenridge for failing to attend the deposition is **DENIED.**

The Truth does not seek simply to reschedule the deposition, rather, it asks the court to quash the subpoena and find that it does not need to attend the deposition or provide the requested documents. Federal Rule of Civil Procedure 45(c)(3)(A)(iii)-(iv) states that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected material and no exception or waiver applies; or . . . subjects a person to undue burden." Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D.Ill., 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Plan, Inc*., 241 F.R.D. 618, 621-622 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).") Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp*., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc*., 214 F.R.D. 496, 502 (S.D. Ind. 2003).

In setting forth the standard under which the court should determine whether to quash the subpoena Lee issued to the Truth, the Truth argues that media sources are entitled to greater

protection. However, "[i]n *McKevitt v. Pallasch*, 339 F.3d 530, 532–33 (7th Cir. 2003), the Seventh Circuit specifically rejected the argument that the First Amendment provides journalists special protection against subpoenas, at least with respect to information from non-confidential sources." *Hobley v. Burge*, 223 F.R.D. 499, 502 (N.D. Ill. 2004). The Seventh Circuit stated that "it seems to us that rather than speaking of privilege, courts should simply make sure that a subpoena duces tecum directed to the media, like any other subpoena duces tecum, is reasonable in the circumstances, which is the general criterion for judicial review of subpoenas." *McKevitt*, 339 F.3d at 533.

In support of its argument, the Truth first cites to *Longs v. Lebo*, 2009 WL 799533 (N.D. Ind. March 24, 2009). This case specifically rejected the idea of a federal privilege to media sources when the information sought was not from a confidential source. *Longs*, 2009 WL 799533 at *3. Instead, the court went on to analyze whether the subject of the subpoena was shielded from production by an Indiana statute protecting journalists from disclosing sources of information. *Longs*, 2009 WL 799533 at *3. (*citing* Ind. Code § 34-46-4-1). However, this case is before the court on a federal question, and thus Indiana's privilege law does not apply.

The Truth also refers to the court to *Patterson v. Burge*, 2005 WL 43240, *4 (N.D. Ill. Jan. 6, 2005). In *Patterson,* the court did not state that media was subject to special protections. Rather, the court specifically stated that it analyzed the news organizations' motion to quash under the traditional standards of Rule 45. The court did note that non-parties are not treated like parties in the discovery context, and for this reason, the court should afford the subpoenaed party greater protection. *Patterson*, 2005 WL 43240 at *1. The court explained that the possibility of relevance may not be enough and proceeded to weigh the need for the material against the

5

burden on the news organization. *Patterson*, 2005 WL 43240 at *1 & *5.

"In the context of third party discovery, courts should be especially careful in protecting the parties from excessive or oppressive discovery." *Moore v. PlasmaCare, Inc.*, 2012 WL 602623, *2 (S.D.Ind. Feb.23, 2012). *See also* *Charles v. Quality Carriers, Inc.,* 2010 WL 396356, *1 (S.D.Ind. Jan.28, 2010). "Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Charles*, 2010 WL 396356 at *1 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998)). When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *Charles,* 2010 WL 396356 at *1. "[R]elevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of nonparties than it is for parties." *Charles*, 2010 WL 396356 at *1.

The Truth has not demonstrated that news media organizations are entitled to a privilege or special protection. Rather, when non-confidential information is requested, the guiding Seventh Circuit case directs the court to treat the subpoena as it would any other and to assess whether the request is reasonable. Instead, the court will apply the standard for evaluating subpoenas served on non-parties.

The court begins by considering the need for the information. The Truth argues that the information is available from another source, the official records from the board's hearing. Lee responds the Truth also published statements made outside the hearing that are not part of the public record, not available on the hearing transcript, and otherwise not available to him.

However, Lee did not identify anything in the Truth's news stories that was not available in the public record, nor did Lee demonstrate why he needs the information and how the information sought is relevant. Lee made broad, vague statements that The Truth "published information from disclosed sources that is highly relevant to Plaintiff's conspiracy claim" and that he would benefit "[b]y seeking evidence through the deposition regarding the process that reporters for the Truth must follow in preparing a news article . . ." It is not clear what this benefit would be or what information the articles contained that Lee has not or cannot obtained from other sources. Moreover, Lee alleged that Plibsen and Hubbard conspired against him to have the Board discharge him. The articles explain what occurred at the Board's hearings, but it is not clear what relevance they have to Plibsen and Hubbard's actions. Lee made no effort to explain the potential relevance of the information he seeks. For these reasons, Lee not shown that the information is relevant or that he has a significant need for the information.

Lee asked the Truth to produce statements, notes, tape recordings, records, reports, files, correspondence, CD's, summaries, dates, telephone records, and transcripts of disclosed sources, pertaining to the three articles it published relating to him. Although the amount of information sought may not be extravagant, the court is hesitant to place a burden on third parties without any demonstration of the relevance or need for the information.

Additionally, a party cannot compel the presence of a nonparty at a deposition without serving a subpoena. ***Bueker v. Atchison, Topeka and Santa Fe Ry. Co.***, 175 F.R.D. 291, 292 (N.D. Ill. 1997). Federal Rule of Civil Procedure 45(a)(1)(A)(iii) states that every subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, . . . " The subpoena Lee served on the Truth

7

only commanded the production of documents and did not command the presence of a representative of the Truth at a deposition. For this reason, the subpoena did not comply with the requirements of Rule 45, and the Truth cannot be compelled to submit to a deposition.

Based on the foregoing, the Defendants' Motion to Quash Subpoena of Franklin Breckenridge [DE 21] is **GRANTED**, the Motion to Quash [DE 26] filed by Truth Publishing Company is **GRANTED,** and the motions for Rule to Show Cause Order [DE 36 & 38] are **DENIED.**

ENTERED this 22nd day of April, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge